IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAZEL C. COOPER, | : | 4:CV-04-2166 |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | : | |
| | : | |
| Defendant | | |

**O R D E R**
May 11, 2005

**BACKGROUND:**

The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.

The case was initially referred to United States Magistrate Judge J. Andrew Smyser.

Magistrate Judge Smyser filed a fourteen page report and recommendation on April 21, 2005. He concluded with the recommendation that the case should be remanded to the Commissioner for further consideration of all of the evidence relevant to the plaintiff's credibility, including her work history, the effects of her

medications and all witnesses' statements.  If, after the consideration of all of that evidence, the ALJ determines that a job with a sit-stand option can be performed but that no further refinement of the sit/stand option is necessary, that should be explained.

On May 10, 2005, the Commissioner waived the opportunity to object to the report and recommendation.

The court agrees with the analysis of the magistrate judge and his recommendation and will order a remand.

**NOW, THEREFORE,  IT IS ORDERED THAT:**

1.	The report and recommendation of United States Magistrate Judge J. Andrew Smyser (record document no. 14, filed April 21, 2005) is approved and adopted in full for the reasons set forth therein.

2.	 The case is remanded to the Commissioner of Social Security for additional consideration of all of the evidence relevant to the plaintiff's credibility, including her work history, the effects of her medications and all witnesses' statements.  If, after the consideration of all of that evidence, the ALJ determines that a job with a sit-stand option can be performed but that no further refinement of the sit/stand option is necessary, that should be explained.

3.	The clerk is directed to close the case file.


                                                                                 s/ James F. McClure, Jr.
                                                                   James F. McClure, Jr.
                                                                   United States District Judge